IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KERRY R. BRINKLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-889-N-BN |
| | § | |
| PENNYMAC LOAN SERVICES, LLC, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. *See* Dkt. No. 4.

Defendant PennyMac Loan Services, LLC ("PennyMac") has filed a motion for summary judgment. *See* Dkt. Nos. 20-22. Plaintiff Kerry R. Brinkley has not filed a response, and the time to do so has expired.

For the reasons and to the extent explained below, the Court should grant summary judgment, and dismiss Plaintiff's claims with prejudice.

**Background**

On November 24, 2015, Kerry and Chachita Brinkley obtained a loan from Geneva Financial, LLC, to purchase real property located at 600 Clubwood Court, Desoto, Texas 75115 (the "Property). *See* Dkt. No. 22 at 9-28. To purchase the Property, the Brinkleys obtained a loan and executed a promissory note (the "Note")

1

in the amount of $346,750.00 and a Deed of Trust (the "Deed of Trust"), which secured repayment of the Note by placing a lien on the Property. *See id.*

Upon default, the Note allows for the acceleration of the maturity date of the Brinkleys' loan, making the entirety of the loan payment due immediately. *See id.* at 9-30. And the Deed of Trust allows the owner and holder of the Deed of Trust to take possession of the Property and sell it to cover the remaining loan balance. *See id.*

But the Note, Deed of Trust, and state law require that the borrower be given notice and an opportunity to cure the default before the loan may be accelerated and the property sold. *See id.* Notice is deemed to be given once it is placed in the mail and addressed to the borrower at their last known address.

On December 15, 2017 the interest in the Deed of Trust was transferred by Transfer of Lien to PennyMac. *See id.* at 33-34. PennyMac is the current owner and holder of the Note and Deed of Trust. *See id.*

The Brinkleys fell behind on their payments starting on August 1, 2017. As a result, on September 21, 2017, PennyMac, sent a Notice of Default and Intent to Accelerate ("Notice of Default") to the Brinkleys by first class mail and certified mail, return receipt requested, to the Property. *See id.* at 36-62. PennyMac also sent a Notice of Default to Chachita Brinkley by first class mail and certified mail, return receipt requested, to her alternate mailing address, located at 3619 Hulen Park Circle, Fort Worth, Texas 76123. *See id.* at 64-69.

PennyMac's Notice of Default notified the Brinkleys that their loan was in default for failure to pay the August 1, 2017 and subsequent payments. The Notice of

Default also listed the amount required to cure the default and the deadline by which the default must be cured. The Notice of Default further explained that, if the default was not timely cured, PennyMac would take steps to foreclose on the Property or other action to seize the Property, including accelerating the maturity date of the Note. *See id.* at 36-74.

And, when the Brinkleys did not cure the default, PennyMac moved to accelerate the loan and scheduled the Property for foreclosure sale.

At present, the loan remains past due, but the Brinkleys retain possession of the property.

On April 1, 2019, Plaintiff Kerry R. Brinkley filed this action in the 162nd Judicial District Court in Dallas County, Texas. *See* Dkt. No. 1-5. Plaintiff asserts a claim for breach of contract against PennyMac. Plaintiff alleges that he did not receive the Notice of Default and was therefore not granted an opportunity to cure the default. *See id.* Plaintiff claims that, because he did not receive the Notice of Default, PennyMac has breached its obligations under the Note and Deed of Trust. *See id.*

PennyMac filed its answer in state court on April 10, 2019. *See* Dkt. No. 1-11. And, on April 11, 2019, PennyMac removed this action to federal court based on diversity jurisdiction. *See* Dkt. No. 1.

On September 17, 2019 PennyMac filed a motion for summary judgment. *See* Dkt. Nos. 20-22. Plaintiff did not file a response, and the time limit to do so has expired. On November 1, 2019 PennyMac filed its reply in support of summary

judgment and urged the Court to grant the underlying motion as unopposed. *See* Dkt. No. 24.

The undersigned now concludes that the Court should grant PennyMac's motion for summary judgment [Dkt. No. 20].

## Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for

5

summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted).

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor,* 420 F.3d 546, 549 (5th Cir. 2005) (footnote and internal quotation marks omitted).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a]

6

failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g., Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. Nations Credit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002)

**Analysis**

Plaintiff's only claim is that PennyMac failed to provide him with proper notice of default and an opportunity to cure. *See* Dkt. No. 1-5 at 3. Plaintiff asserts that PennyMac's failure to provide notice of default amounts to a breach of contract based on PennyMac's obligations under the Note and Deed of Trust. *See id.*

But, in PennyMac's motion for summary judgment, it asserts that it sent Plaintiff and Chachita Brinkley the Notice of Default on September 21, 2017, at the

7

Property. *See* Dkt. No. 21 at 11. The Notice of Default provided Plaintiff with notification that his loan was in default for failure to pay the amount due on August 1, 2017 and the amount required to cure the default. *See id.* The Notice of Default also provided Plaintiff with the deadline for curing the default and notified Plaintiff that, if the default was not timely cured, PennyMac would take steps to foreclose on the Property. *See id.*

And, on March 7, 2019, the Notice of Acceleration and Notice of Substitute Trustee Sale was mailed to Plaintiff and Chachita Brinkley at the Property. *See id.* That document provided Plaintiff with notice that his loan had been accelerated and the foreclosure sale of the Property was scheduled for April 2, 2019. *See id.*

The summary judgment evidence supports PennyMac's claims. The evidence shows that PennyMac sent Plaintiff the Notice of Default at the Property. *See* Dkt. No. 22 at 37-76. PennyMac went one step further and sent the Notice of Default to Chachita Brinkley's alternate address. *See id.* PennyMac also waited at least 30 days before initiating the foreclosure process.

The elements of a breach of contract claim under Texas law are "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Group, LLC,* 490 F.3d 380, 387 (5th Cir. 2007).

Under Section 51.002(d) of the Texas Property Code, a notice of default must allow at least twenty (20) days to cure the default. *See* TEX. PROP. CODE § 51.002(d).

And service of the notice of default by certified mail is complete when the notice is deposited in the United States mail, postage paid and addressed to the borrower at the borrower's last known address. *See* TEX. PROP. CODE §51.002(e).

Under Plaintiff's Note and Deed of Trust, any notice that must be given to Plaintiff is deemed to be given once that notice is placed in the mail. And the Note and Deed of Trust allow the borrower 30 days to cure the default before the loan may be accelerated.

Contrary to Plaintiff's claim, PennyMac was not in breach of its agreement. The undisputed facts show that PennyMac acted in accordance with and pursuant to the agreement it had with Plaintiff and Chachita Brinkley.

In any event, PennyMac argues that Plaintiff's breach of contract claim fails because Plaintiff cannot establish damages because Plaintiff continues to retain possession of the Property.

Damages are an essential element to a breach of contract claim. *See Smith Int'l, Inc.,* 490 F.3d at 387.

In Plaintiff's complaint, he alleges damages based on a pending foreclosure. *See* Dkt. No. 1-5. But potential foreclosure is an insufficient basis for compensatory damages. *See Marquez v. Fed. Natl Mortgage Ass'n,* No. 3:10-cv-2040-L, 2011 WL 3714623, at *6 (N.D. Tex. Aug. 23, 2011) (citing *Peterson v. Black,* 980 S.W.2d 818, 823 (Tex. App. -- San Antonio 1998, no pet.)) (holding "where a mortgagor's possession is undisturbed, he has suffered no compensable damage.").

Accordingly, Plaintiff has not properly alleged that he suffered damages enough to establish a breach of contract claim.

## Recommendation

The Court should grant PennyMac's motion for summary judgment [Dkt. No. 20] and dismiss Plaintiff's complaint with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 13, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

11